**Valbona SHEQI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–1975–ag.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Aleksander Milch, Christophe & Associates, New York, NY, for Petitioner.

Mary Beth Buchanan, U.S. Atty. for the Western District of Pennsylvania, Leo M. Dillon, Asst. U.S. Atty., Pittsburgh, PA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Valbona Sheqi, a native and citizen of Albania, petitions for review of the March 2005 BIA decision denying her motion to reopen her removal proceedings. We as-sume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

 The BIA did not abuse its discretion in denying Sheqi's motion as untimely, when it was filed over two years after the BIA dismissed her appeal. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the final administrative decision). The BIA also reasonably determined that she failed to establish changed country conditions in Albania that would allow her to circumvent the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii), when the IJ had acknowledged that arbitrary arrest of Democratic Party members was a problem at the time of Sheqi's 2001 hearing, and the articles she submitted with her motion merely indicated that this problem persisted. Neither these articles nor the expert affidavit she submitted suggested that conditions had worsened, or that any alleged change related to her specifically—particularly in light of the IJ's adverse credibility finding. The BIA was also within its discretion in finding that Sheqi failed to rehabilitate her credibility with the affidavits she submitted from her mother-in-law and fellow Democratic Party members, when she failed to explain adequately why these statements were not available at the time of her hearing, or why her mother-in-law, who purportedly was afraid to give a statement earlier, was no longer afraid to do so.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).